UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. ANN PROTECTOR, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-4891 |
| FIDELITY NATIONAL INSURANCE COMPANY | SECTION "N" (5) |

# ORDER AND REASONS

Before the Court is the Motion for Summary Judgment (Rec. Doc. 27), filed by Defendant Fidelity National Insurance Company ("Fidelity"). The motion is opposed. After reviewing the pleadings, the memoranda and exhibits, and the applicable law, the motion is granted as set forth herein.

I.   **BACKGROUND**

Plaintiffs Mitchell Crusto and St. Ann Protector LLC were the owners of a rental building located at 2226 Barracks Street, New Orleans, Louisiana. Plaintiffs were issued a Dwelling Form Standard Flood Insurance Policy ("SFIP") bearing policy number 99-02185275-2004 by and through Fidelity, with building coverage limits of $66,600.00, a $500 deductible, and no contents coverage. After Plaintiffs' property sustained flooding caused by Hurricane

Katrina, which made landfall on August 29, 2005[1], Plaintiffs made a claim for flood loss damages under their SFIP. Fidelity contacted Colonial Claims, an independent adjusting company, which in turn assigned Genevieve Marie Elliott, an independent adjuster, to assist Plaintiffs in presenting their flood loss claim. Elliott inspected the property and determined that it had sustained damages from flooding. She prepared an estimate of the flood damages to the building, which recommended payment of $47,485.64 after $6,689.61 depreciation and deducting the $500 deductible. Fidelity submitted payment to the Plaintiffs on or about December 18, 2005 in the amount of $47,485.64. Plaintiffs filed suit on August 28, 2007, seeking additional payments under their SFIP.

## II. ANALYSIS

### A. Summary Judgment Standard

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The materiality of facts is determined by the substantive law's identification of which facts are critical and which facts are irrelevant. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.*

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its summary judgment burden by merely pointing out that

---

[1] It is undisputed that the policy was in effect when Hurricane Katrina made landfall on August 29, 2005.

the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Lavespere v. Liberty Mut. Ins. Co.*, 910 F.2d 167, 178 (5th Cir. 1990). Once the moving party carries its burden pursuant to Rule 56(c), the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Auguster v. Vermillion Parish School Bd.*, 249 F.3d 400, 402 (5th Cir. 2001).

When considering a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party, *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002), and draws all reasonable inferences in favor of that party. *Hunt v. Rapides Healthcare System, L.L.C.*, 277 F.3d 757, 764 (2001). Factual controversies are to be resolved in favor of the nonmoving party, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." *See id.* (emphasis in original) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

Although the Court is to consider the full record in ruling on a motion for summary judgment, Rule 56 does not obligate it to search for evidence to support a party's opposition to summary judgment. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) ("When evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court.").

Thus, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

The nonmovant's burden of demonstrating a genuine issue is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075. Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. *Smith v. Amedisys*, 298 F.3d 434, 440 (5th Cir. 2002).

### B. Proof of Loss Requirement

Under 44 C.F.R. § 61, app. (A)(2), art. VII(J)(4), an insured must file a sworn proof of loss as condition precedent to filing suit on an SFIP claim. *See also* C.F.R. § 61 app. (A)(1) art. VII(R) (requiring prior compliance with all policy requirements before filing suit in court). This proof of loss must be filed within 60 days of loss due to flooding, subject to any extensions approved by the Federal Emergency Management Agency ("FEMA"). *See* 44 C.F.R. §§ 61.13(a), (d), & (e); *Foreman v. Fed. Emer. Mgt. Agency*, 138 F.3d 543, 545 (5th Cir. 1998). This requirement is a "strict" one; substantial compliance is not sufficient. *Marseilles Homeowners Condo. Ass'n.*, *Inc. v. Fidelity Nat'l Ins. Co.*, 542 F.3d 1053, 1055-56 (5th Cir .2008) (quoting *Richardson v. American Bankers Ins. Co.*, No. 07-30271, 279 Fed. Appx. 295, 2008 WL 510518, at 299 (5th Cir.)). Rather, the sworn proof of loss requirement "must be strictly construed and enforced." *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). Nor do principles of constructive waiver or equitable estoppel excuse this obligation. *Marseilles*, 542

4

F.3d at 1056 (citing *Richardson*, 279 Fed. Appx. at 299). To the contrary, the proof of loss requirement is waived only with "the express written consent of the Federal Insurance Administrator." *Id.* (citing 44 C.F.R. § 61, app. A(2), art. VII(D)).

Fidelity argues, *inter alia*, that Plaintiffs' claims are barred by their failure to satisfy all of the pre-suit requirements prior to instituting this lawsuit on August 28, 2007. Specifically, Fidelity argues that Plaintiffs failed to submit a timely, sworn "Proof of Loss" with supporting documentation as required by 44 C.F.R. § 61, app. (A)(2), art. VII(J)(3) and (4)[2], before filing

---

[2] 44 C.F.R. § 61, app. (A)(2), art. VII(J) sets forth the requirement in case of a flood loss and states that an individual must, *inter alia*:

> 3. Prepare an inventory of damaged property showing the quantity, description, actual cash value, and amount of loss. Attach all bills, receipts, and related documents;
>
> 4. Within 60 days after the loss, send us a proof of loss, which is your statement of the amount you are claiming under the policy signed and sworn to by you, and which furnishes us with the following information:
>
>    a. The date and time of loss;
>
>    b. A brief explanation of how the loss happened;
>
>    c. Your interest (for example, "owner") and the interest, if any, of others in the damaged property;
>
>    d. Details of any other insurance that may cover the loss;
>
>    e. Changes in title or occupancy of the insured property during the term of the policy;
>
>    f. Specifications of damaged buildings and detailed repair estimates;
>
>    g. Names of mortgagees or anyone else having a lien, charge, or claim against the insured property;
>
>    h. Details about who occupied any insured building at the time of loss and for what purpose; and

5

suit as required by 44 C.F.R. § 61 app. (A)(1) art. VII(R)[3].

Regarding the timeliness issue, Plaintiffs assert that the Complaint was filed well within the two-year prescriptive period allowed by Louisiana state law. While this may be true, the timeliness of Plaintiffs' claims under the SFIP is not governed by Louisiana prescriptive law. The timeliness of these claims is governed by federal law and, specifically, that which is set forth herein above: Before filing suit on an SFIP, an insured must file a sworn proof of loss within 60 days of the flood, subject to any extensions approved by FEMA. FEMA's August 31, 2005 bulletin (Exhibit 3 to Rec. Doc. 27), which extended the normal 60-day deadline for submission of a sworn proof of loss to one year, only partially waived strict compliance with the sworn proof of loss requirement. Specifically, a waiver occurs only when the insured agreed with the insurer's adjuster's determination of policy benefits. If the insured disagreed with that determination, a sworn proof of loss must have been submitted. The only difference with a disputed claim is that, pursuant to the August 31st FEMA bulletin, the insured was allowed more time than the usual 60 days from the date of loss to satisfy this condition precedent to filing a lawsuit. See *Marseilles*, 542 F.3d at 1056-57; *Richardson*, 279 Fed. Appx. at 298-99. Here,

---

        i.       The inventory of damaged property described in J.3. above.

44 C.F.R. § 61, app. (A)(2), art. VIII(J)(3) and (4).

[3]    This provision provides:

> You may not sue us to recover money under this policy unless you have complied with all the requirements of the policy. If you do sue, you must start the suit within one year of the date of the written denial of all or part of the claim, and you must file the suit in the United States District Court of the district in which the insured property was located at the time of loss. This requirement applies to any claim that you may have under this policy and to any dispute that you may have arising out of the handling of any claim under the policy.

Plaintiffs have failed to show that they *timely* submitted a sworn "Proof of Loss."

Plaintiffs assert that, on November 18, 2006, they filed a "Proof of Loss" with Louisiana Citizens Fair Plan, their wind insurance carrier. (See Exhibit 1 to Rec. Doc. 32). Without more, Plaintiffs state that "[u]pon information and belief, this same correspondence was provided to Fidelity adjusters as a "Proof of Loss" and accepted by them as such." (See Rec. Doc. 32, p. 4) Plaintiffs fail to provide any support for their assertion that a "Proof of Loss" was submitted to Fidelity, their flood carrier. As mentioned herein, Plaintiffs' burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence." *Little*, 37 F.3d at 1075.

Even if it was shown that Fidelity received this "Proof of Loss," which it denies, the Court notes that such "Proof of Loss" would still be untimely. Plaintiffs' property sustained flooding caused by Hurricane Katrina, which made landfall on August 29, 2005. This "Proof of Loss" is dated November 18, 2006, which is more than one year after the date of Plaintiffs' flood loss. Further, this "Proof of Loss" fails to comply with the strict requirements of 44 C.F.R. § 61, app. (A)(2), art. VII(J)(4). Specifically, it is not *sworn to* by Plaintiff. Indeed, Plaintiff Mitchell Crusto admitted to this in his deposition:

> Q. Just a couple more on the Barracks and then we'll move on the next property.
>
> On the Barracks, did you ever submit a sworn to and signed, executed Proof of Loss for any damages in dispute?
>
> A. Can you define "sworn to"?
>
> Q. Notarized

A. Probably not.

(Exhibit 1 to Rec. Doc. 35, p. 66). Last, Plaintiffs do not point to any documents submitted along with the November 18, 2006 "Proof of Loss" form. It is clear that the applicable regulations, cited herein, mandate strict pre-suit compliance with supporting documentation requirements. Accordingly, under the controlling statutes and regulations, Plaintiffs' SFIP claims are properly dismissed on this ground alone. See, e.g., *Naghi d/b/a Naghi's v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 07-4498, 2008 WL 4427216, *1 (E.D.La.9/25/08)(Engelhardt, J.)(discussing strict proof of loss requirements); *Otallah v. State Farm Fire and Cas. Ins. Co.*, Civil Action No. 07-5183, 2008 WL 3539667,*3-5 (E.D .La.7/31/08)(Berrigan, J)(lack of verifying documentation rendered proof of loss submission deficient); *Wells v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 06-5381, 2008 WL 2781539, *3 (E.D.La.7/14/08)(Duval, J.)(belated repair estimate and damaged contents list did not cure pre-suit failure to submit adequate documentation); *Eichaker v. Fidelity Nat. Prop. Ins. Co.*, Civ. Action No. 07-4485, 2008 WL 2308959, *3-4 and n. 21 (E.D.La.6/03/08)(Africk, J.)(later prepared adjusters' estimates did not satisfy detailed repair estimate required for sufficient proof of loss).

It is clear that these requirements are "strict" ones, and that substantial compliance is not sufficient. *Marseilles*, 542 F.3d at 1056-57. As such, the "Proof of Loss" regulations "must be 'strictly construed and enforced.'" *Richardson*, 279 Fed. Appx. at 298 (quoting *Gowland v. Aetna*, 143 F.3d 951, 954 (5th Cir.1998)). Because Plaintiffs failed to satisfy the strict regulations noted herein, their SFIP claims must be dismissed with prejudice.[4]

---

[4] This Court finds that the Proof of Loss issue is dispositive of the entire SFIP claim. Moreover, as for the last part of Fidelity's motion, which deals with the exclusion of Plaintiffs' state law extra–contractual claims, which Plaintiffs did not actually oppose, the Court finds that Fidelity's arguments have merit. Plaintiffs' state law extra–contractual claims are preempted by federal law and are

**III.   CONCLUSION**

Considering the foregoing, **IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 27)** is **GRANTED**, and the case is accordingly **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 21st day of September, 2009.

                              **KURT D. ENGELHARDT**
                              **United States District Judge**

---

hereby dismissed.

    Also, as for the assertions on pages 1-3 of Plaintiffs' Opposition Memorandum (Rec. Doc. 32), this Court is aware of the health issues currently facing Plaintiffs' counsel, Mr. Louis E. Madere, Jr. This Motion was filed on August 10, 2009 and was originally set for hearing on August 26, 2009. All counsel requested that it be continued to September 9, 2009, which the Court granted. One day before that hearing date, the Court received a second motion to continue the hearing on the instant motion, this time requesting that the motion be continued to September 23, 2009. Because the pre-trial conference in this case is currently set for October 8, 2009, this Court determined that, in order to ensure that this motion was disposed of prior to that date, a two week continuance was denied. However, this Court did grant an additional one-week continuance. To the extent that Mr. Madere complains that this Court denied the second two week request, the Court notes that this case has been pending now for over two years. It is certainly ripe for summary judgment, especially based upon the showing made herein.